IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-00208-MR

| | |
|---|---|
| CHARLES E. HINTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES INCORPORATED, ) et al., ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court *sua sponte*.

The *pro se* Petitioner filed this petition pursuant to 28 U.S.C. § 2254 while he was incarcerated at Pender Correctional Institution. [Doc. 1]. On February 23, 2024, the Court mailed the Petitioner a Notice of Deficiency informing him that he must either pay the filing fee or complete an application to proceed with the prepayment of fee or costs, within 21 days. [Doc. 2]. The Petitioner was cautioned that "[f]ailure to do so may result in the dismissal of this action without prejudice for failure to prosecute." [Id.]. On April 2, 2024, the Notice of Deficiency was returned to this Court as undeliverable on the basis that the Petitioner had refused the mail. [See Doc. 3].

The Petitioner has failed to comply with the Notice of Deficiency, and the time to do so has expired. The Petitioner appears to have abandoned this action, and the Court is unable to proceed. This case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate this action.

**IT IS SO ORDERED.**

Signed: April 22, 2024

_____

Martin Reidinger
Chief United States District Judge